IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DYLAN T-P.,[1]                                               No. 3:25-cv-00050-YY

              Plaintiff,                              OPINION AND ORDER

      v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

              Defendant.

YOU, Magistrate Judge.

Plaintiff Dylan P. seeks judicial review of the final decision by the Commissioner of

Social Security ("Commissioner") finding plaintiff had medically improved as of September 1,

2022, resulting in the termination of plaintiff's Disability Insurance Benefits ("DIB") under Title

II of the Social Security Act ("Act"), 42 U.S.C. §§ 401–33. This court has jurisdiction to review

the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g). For the reasons set forth

below, the Commissioner's decision is REVERSED and REMANDED for further proceedings

consistent with this opinion.

**PROCEDURAL BACKGROUND**

Plaintiff was determined disabled beginning on July 16, 2007, and was found to retain his

disability through March 4, 2014. Tr. 64. Plaintiff was determined to remain disabled in a March

4, 2014 decision because he met the 12.04C2 listing establishing his disability on the basis of

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of
the nongovernmental party in this case.

mental disorders. *Id*; 20 C.F.R. Part 404, Subpart P, App'x 1, §§ 12.00(A)(2), 12.04. At the time of plaintiff's most recent favorable medical decision on April 3, 2019, known as the "comparison point decision" or CPD, plaintiff's disability was continued because the medical record "clearly demonstrate[d] that there has been no significant MI [medical improvement]." Tr. 65, 113–16. Agency administrators and the consultative examiner concluded there was insufficient medical evidence of record to support an analysis of whether plaintiff still met the 12.04C2 listing but found "evidence clearly establishe[d] continuing disability" because they determined "[w]hen comparing findings to findings, there appears to be no significant change in terms of overall function and MSE [mental status exam] findings." Tr. 66.

On September 9, 2022, it was determined that plaintiff was no longer disabled as of September 1, 2022. Tr. 72–82, 83–91, 121–24. After a state agency disability hearing officer affirmed the cessation determination, plaintiff requested a hearing before an ALJ. Tr. 92–102, 174–75. A hearing was held before an ALJ on February 27, 2024, at which time plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). Tr. 34–59. Tr. 34. On March 12, 2024, the ALJ issued a decision finding plaintiff's disability ended on September 1, 2022, and plaintiff has not become disabled again since that date. Tr. 15–26. After the Appeals Council denied plaintiff's request for review, he filed a complaint in this court. Tr. 1–6.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it was based on proper legal standards and the findings were supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal

2 – OPINION AND ORDER

quotation marks omitted). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and " 'may not affirm simply by isolating a specific quantum of supporting evidence.' " *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for the Commissioner's when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under Title II of the Act, determination of whether a person's eligibility for disability benefits has ended involves an eight-step sequential evaluation process. 20 C.F.R. §§ 404.1594(f)(1)–(8). The continuing disability review process is similar to the five-step sequential evaluation used to evaluate initial claims "with additional attention as to whether there has been medical improvement." *Lamb v. Kijakazi*, No. 1:21-CV-01636-HBK, 2023 WL 6442626, at *2 (E.D. Cal. Oct. 3, 2023) (comparing 20 C.F.R. § 404.1520 with § 404.1594(f)).

The first step asks whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1594(f)(1). If so, the disability will be found to have ended. *Id.* If the claimant is not engaging in substantial gainful activity, the analysis proceeds to step two.

3 – OPINION AND ORDER

The second step asks whether the claimant has an impairment or combination of impairments that meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. If a listing is met, the claimant continues to be disabled. If not, the analysis proceeds to step three.

The third step asks whether there has been medical improvement in the claimant's condition and requires the ALJ to compare the severity of the claimant's medical impairments at the time of the most recent favorable medical decision—commonly known as the "comparison point decision" or CPD—with the severity of the claimant's current medical impairments. 20 C.F.R. §§ 404.1594(f)(3), 404.1594(2)(7); *see also* DI 28010.020 Comparison Point Decision (CPD), SSA POMS DI 28010.020 ("[t]he CPD is the most recent favorable medical decision that the individual was disabled or continued to be disabled"). Medical improvement is "any decrease in the medical severity of [the] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled[.]" 20 C.F.R. § 404.1594(c)(1). If there has been medical improvement, the analysis proceeds to step four, and if medical improvement has not occurred, the analysis skips to step five. *Id.* § 404.1594(f)(3).

The fourth step asks whether the medical improvement is related to the claimant's ability to work—*i.e.*, the claimant's residual functional capacity ("RFC"). If so, the analysis skips to step six. If not, the analysis proceeds to step five. *Id.* § 404.1594(f)(4).

The fifth step asks whether any of the exceptions to medical improvement apply. If no exceptions apply, the claimant will be found to still be disabled. If an exception applies, the analysis proceeds to step six. *Id.* § 404.1594(f)(5).

The sixth step asks whether the claimant's current impairments in combination are "severe"—*i.e.*, whether the impairments impose more than a minimal limitation on the

4 – OPINION AND ORDER

claimant's physical or mental ability to perform basic work activities. *Id.* § 404.1594(f)(6). If not, the claimant's disability will be found to have ended.

The seventh step asks whether the claimant can perform past relevant work. If so, the claimant's disability will be found to have ended. If not, the analysis proceeds to step eight. *Id.* § 404.1594(f)(7).

The eighth step asks whether, considering the claimant's RFC, age, and past work experience, the claimant is able to do other work in the national economy. If so, the claimant's disability will be found to have ended. If not, the claimant will be found to continue to be disabled. *Id.* § 404.1594(f)(8).

## ALJ FINDINGS

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity through the date of the decision. Tr. 17.

At step two, the ALJ found plaintiff did not have an impairment or combination of impairments that met or equaled a listing. *Id.*

At step three, the ALJ identified April 3, 2019, as the CPD, *id.*, and found medical improvement had occurred as of September 1, 2022. Tr. 18.

At step four, the ALJ found plaintiff's medical improvement was related to his ability to perform work. Tr. 19. Step five was therefore inapplicable, and the ALJ proceeded to step six.

At step six, the ALJ determined that since September 1, 2022, plaintiff had the following medically determinable impairments: "schizoaffective disorder, generalized anxiety disorder, bipolar 2, and attention deficit hyperactivity disorder." Tr. 17. The ALJ determined that plaintiff's impairments were severe as they significantly limited his ability to perform basic work activities. Tr. 19. The ALJ proceeded to assess plaintiff's RFC based on his impairments since

September 1, 2022, before addressing steps seven and eight. The ALJ determined that plaintiff could:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant has sufficient concentration, persistence, and pace to complete simple tasks for a normal workday and workweek; can tolerate occasional contact with the general public and co-workers; and can tolerate a routine work setting.

Tr. 20.

At step seven, the ALJ determined that plaintiff had no past relevant work. Tr. 24.

At step eight, the ALJ determined that, since September 1, 2022, and considering plaintiff's age, education, work experience, and RFC, plaintiff could perform jobs that existed in significant numbers in the national economy, including machine packager, cleaner II, and marker. Tr. 24–25. The ALJ therefore concluded plaintiff's disability ended on September 1, 2022, and plaintiff had not become disabled again after that date. Tr. 25.

## DISCUSSION

### I.    Medical Improvement Standard

Plaintiff claims the ALJ failed to properly apply the medical improvement standard at step three. Pl. Br. 12–20, ECF 8. At step three of a continuing disability analysis, an ALJ is required to determine whether there has been "medical improvement" in the claimant's condition. 20 C.F.R. § 404.1594(f)(3). This determination is essential to the process because "[a] Social Security disability benefits claimant is no longer entitled to benefits when substantial evidence demonstrates (1) 'there has been any medical improvement in the [claimant's] impairment' and (2) the claimant 'is now able to engage in substantial gainful activity.' 42 U.S.C. § 423(f)(1)." *Attmore v. Colvin*, 827 F.3d 872, 873 (9th Cir. 2016).

6 – OPINION AND ORDER

"Medical improvement" is defined as "any decrease in the medical severity of [a claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled[,]" 20 C.F.R. § 404.1594(b)(1), and requires "a comparison of prior and current medical evidence which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment." *Id.* § 404.1594(c)(1). To find medical improvement has occurred, an ALJ must "compare the current medical severity" of plaintiff's impairment to the severity of his impairment "at the time of the most recent favorable medical decision that [the claimant] w[as] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(7); *see Attmore*, 827 F.3d at 876 ("Making this comparison is straightforward . . . [T]he 'most recent favorable medical decision' is the earlier decision, and the severity of the claimant's impairment at the time of that decision provides the relevant baseline for comparison.").

Here, the ALJ did not compare the current medical severity of plaintiff's impairment with the medical evidence that "clearly establishe[d] continuing disability" in his CPD. Tr. 66; *see* Tr. 18–19. The ALJ made no comparison to plaintiff's CPD. *See* Tr. 18–19. Instead, the ALJ described plaintiff's symptoms and limitations—including several that existed at the time of the CPD, such as that plaintiff's depression and anxiety symptoms remained stable and his ability to work part-time—as they exhibited generally. Tr. 18–19, 65–66. In sum, the ALJ failed to conduct the comparison required by 20 C.F.R. § 414.1594(f)(1)–(8), which is to "compare the medical evidence used to determine that [plaintiff] was disabled with the medical evidence existing at the time of possible medical improvement." *Attmore*, 827 F.3d at 876.

Further, the ALJ erred in concluding plaintiff's medical improvement was related to his ability to work because his impairments "no longer met or medically equaled the same listing

7 – OPINION AND ORDER

that was met at the time of the CPD." Tr. 19. That rationale is flawed because the agency evaluators never determined plaintiff met a listing in his CPD. *See* tr. 61–68. Rather, the evaluators refrained from making a finding related to plaintiff's listing because they determined the medical evidence of record was "insufficient to support a current meets/equals, but clearly demonstrate[d] that there has been no significant MI [medical improvement]." Tr. 66.

An ALJ's "failure to compare prior to current medical evidence is not harmless." *Medina v. Colvin*, No. 14-CV-01967-DMR, 2015 WL 5448498, at *12 (N.D. Cal. Aug. 21, 2015). As the court noted in *Medina*, "an ALJ may not move to the evaluation of a claimant's RFC without first finding medical improvement, and the Act does not authorize an ALJ to find medical improvement without making the comparison of prior and current medical evidence." *Id.*; *see also Benjamin O. v. Kijakazi*, No. 1:21-CV-00403-CWD, 2022 WL 17539120, at *6 (D. Idaho Dec. 8, 2022) (noting that "[b]y failing to conduct the required comparative analysis [at step three] and without evidence in support, the ALJ's finding that medical improvement occurred is legally insufficient" and "not harmless").

Accordingly, the ALJ committed harmful error at step three of the continuing disability review process. It is unnecessary to reach plaintiff's second assignment of error.

## II.    Remedy

When the court determines the Commissioner erred in denying benefits, it has discretion to remand the matter for further proceedings or the immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004) ("The decision to remand to the SSA for further proceedings instead of for an immediate award of benefits is reviewed for abuse of discretion."). The court may remand for the immediate award of benefits if certain prerequisites are met. *Dominguez v. Colvin*, 808 F.3d 403, 407–08 (9th Cir. 2015), *as amended* (Feb. 5, 2016). The

8 – OPINION AND ORDER

court "must . . . review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (simplified) (citation omitted). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke*, 379 F.3d at 593.

If the court determines the record "has been fully developed . . . and there are no outstanding issues left to be resolved, the district court must next consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true." *Dominguez*, 808 F.3d at 407 (simplified) (quoting *Garrison*, 759 F.3d at 1020). Even if those requisites are met, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F.3d at 1021. The court will "generally remand for an award of benefits only in rare circumstances." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (simplified); *Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017) (holding it is only "rare circumstances that result in a direct award of benefits" and "only when the record clearly contradict[s] an ALJ's conclusory findings and no substantial evidence within the record support[s] the reasons provided by the ALJ for denial of benefits").

Here, the ALJ erred by failing to conduct the proper analysis, as discussed above. However, there is evidence in the record regarding plaintiff's activities and ability to work. Therefore, the court remands the case for the ALJ to reevaluate whether plaintiff medically improved after the 2019 CPD and to conduct additional further proceedings as necessary for rendering a decision regarding whether plaintiff is disabled.

//

//

9 – OPINION AND ORDER

## CONCLUSION

The Commissioner's decision is REVERSED and REMANDED for further proceedings.

IT IS SO ORDERED.

DATED July 28, 2026.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge

10 – OPINION AND ORDER